**STATE of Minnesota, Respondent,**

v.

**Ronald George SCHROEPFER, Appellant.**

**No. C1–87–1259.**

Court of Appeals of Minnesota.

Dec. 15, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert J. Alfton, Minneapolis City Atty., Roger E. Battreall, Asst. Minneapolis City Atty., Minneapolis, for respondent.

Steven J. Meshbesher, Minneapolis, for appellant.

Heard, considered and decided by RANDALL, P.J., and HUSPENI and STONE*, JJ.

### OPINION

BRUCE C. STONE, Judge.

Ronald Schroepfer appeals from a June 12, 1987 denial of his motion to dismiss

* Acting as judge of the Court of Appeals by ap-    pointment pursuant to Minn. Const. art. 6, § 2.

charges of DWI and careless driving following a mistrial. On appeal, appellant alleges the mistrial was caused by prosecutorial misconduct, prohibiting further prosecution on double jeopardy grounds under Minn. Const. Art. 1, § 7. We affirm.

## FACTS

Ronald Schroepfer was charged with one count of DWI and one count of careless driving. A jury was selected on Thursday, February 19, 1987, and opening statements were made on Friday, February 20, 1987. In the course of the prosecutor's opening statement, the jury was told:

the defendant is charged with two different crimes; both of them are misdemeanors.

Later, while telling the jury that an implied consent advisory had been read to appellant, the prosecutor stated:

There are a number of different rights and sentences and paragraphs on that Implied Consent Advisory but the two that I'd like to tell you about now are number one, it said that the defendant had a right to an attorney after the testing was completed, not before.

\*       \*       \*       \*       \*       \*

The defendant replied that he understood what those rights were, that he understood what the officer had said to him. Officer Olson asked him to take the breath test. Defendant refused. The defendant said to the officer that he wanted to speak to an attorney before taking the test.

At this point, appellant objected. A discussion was held at the bench at which time appellant moved for a mistrial. The court denied the motion, but took the matter under advisement over the weekend.

Opening statements then continued. At the conclusion of his opening statement, defense counsel stated that when the motion for a mistrial was considered the next Monday, he also intended to base his motion on the prosecutor's telling the jury that the charged crimes were misdemeanors.

The following Monday, arguments were heard in chambers on the motion for a mistrial. The court concluded that while the prosecutor's remarks were error, they did not rise to the level of a mistrial. The court denied the motion, but instructed the jury that the reason the test was refused is irrelevant.

The state called as its first witness Officer Paul Olson, who made the arrest. After describing the events leading up to the arrest, Officer Olson testified as follows:

Q   What did you do then after you talked with him about his insurance and his driver's license?

A   I asked him if he would come back and sit in my squad car with me and take a portable breath test.

A motion for a mistrial was made based on this testimony. The trial court granted the motion, finding that the cumulative effect of the errors made a fair trial impossible no matter what cautionary instructions were given.

The gist of the claimed error is that:

1.   Whether an alleged crime is a misdemeanor or felony goes only to prospective sentence and is not relevant evidence for the jury.

2   Whether defendant has the right to an attorney or asked to speak to one is not relevant evidence for the jury.

3   Matters concerning insurance, driver's license and a portable breath (preliminary screening) test are not generally admissible in a DWI and careless driving trial, in the absence of a specific offer of proof to the court, outside the presence of the jury.

A new trial date was set. Appellant moved for dismissal of the charges on the ground that Minn. Const. Art. 1, § 7 prohibits a retrial on double jeopardy grounds. That motion was denied. In the memorandum accompanying the denial of the motion, the trial court stated:

In the instant case, this Court finds that the prosecutor did not willfully or intentionally elicit any inadmissible evidence nor was his conduct intended to provoke or "goad" the defendant into

moving for a mistrial. At most, the prosecutor's conduct was merely negligent. The trial court concluded that under *State v. Fuller,* 374 N.W.2d 722 (Minn.1985), retrial was not barred on double jeopardy grounds. This appeal followed.

## ISSUE

Is appellant's retrial barred by the double jeopardy clause of the Minnesota Constitution?

## ANALYSIS

■ Under the fifth amendment to the United States Constitution, a retrial following a defendant's request for a mistrial is barred only when the mistrial was the result of prosecutorial misconduct "intended to provoke the defendant into moving for a mistrial." *Oregon v. Kennedy,* 456 U.S. 667, 679, 102 S.Ct. 2083, 2091, 72 L.Ed.2d 416 (1982). The trial court found that the prosecutor did not intend to provoke appellant into moving for a mistrial. Where a finding is not clearly erroneous it must be upheld. *Fuller,* 374 N.W.2d at 726.

Appellant, however, argues that the state double jeopardy clause, Minn. Const. Art. 1, § 7, should be construed to provide greater protection than its federal counterpart. *See Pruneyard Shopping Center v. Robins,* 447 U.S. 74, 81, 100 S.Ct. 2035, 2040–41, 64 L.Ed.2d 741 (1980); *Fuller,* 374 N.W.2d at 726 (state courts may find greater protection of individual rights under state constitutions than under the federal constitution). Appellant proposes that this court adopt one of three tests for determining whether the state prohibition against double jeopardy has been violated.

The first proposed test is the one formulated by the Oregon Supreme Court on remand in *Kennedy.* Under this test, retrial is barred when

improper official conduct is so prejudicial to the defendant that it cannot be cured by means short of a mistrial, and * * * the official knows that the conduct is improper and prejudicial and either *intends or is indifferent* to the [danger of] resulting mistrial or reversal.

*State v. Kennedy,* 295 Or. 260, 276, 666 P.2d 1316, 1326 (1983) (emphasis added).

The second proposed test, formulated by the Arizona Supreme Court, requires that the prosecutorial misconduct must be

not merely the result of legal error, negligence, mistake, or insignificant impropriety, but, taken as a whole, amounts to *intentional conduct which the prosecutor knows to be improper and prejudicial,* and which he pursues for any improper purpose with indifference to a significant resulting danger of mistrial or reversal; * * *

*Pool v. Superior Court,* 139 Ariz. 98, 108–109, 677 P.2d 261, 271–72 (1984) (emphasis added).

The final proposed test is the one formulated by this court in *State v. Fuller,* 350 N.W.2d 382 (Minn.Ct.App.1984), *rev'd,* 374 N.W.2d 722 (Minn.1985). The test applied by this court was whether the prosecutor's conduct was "gross negligence constituting bad faith." 350 N.W.2d at 386. The Minnesota Supreme Court reversed, finding the misconduct was merely negligent, leaving open the question of whether the Minnesota Constitution provides more protection from double jeopardy than the United States Constitution. 374 N.W.2d at 727.

■ We conclude that even if this court applied one of the three proposed tests, appellant could still be retried without a double jeopardy violation. The trial court found that the prosecutorial misconduct was merely negligent, a finding which is amply supported by the record. Both the Arizona and Oregon standards require intentional conduct. The test previously applied by this court is "gross negligence constituting bad faith." None of these is present; here there is merely negligence.

In addition to this finding, a comparison of the misconduct in *Fuller* and in this case shows that the present misconduct was less egregious than that found in *Fuller.* We conclude that under *Fuller,* appellant's retrial is not barred on double jeopardy grounds.

The prosecutor's conduct was unfortunate and should be avoided. At some point, prosecutorial misconduct will exceed

the level found in *Fuller*. Then it will be time to determine what the appropriate double jeopardy standard is under the Minnesota Constitution. This is not such a case.

### DECISION

Appellant's retrial is not barred on double jeopardy grounds.

Affirmed.